Query    Reports    Utilities    Help    What's New    Log Out

CLOSED

# U.S. District Court
## Eastern District of TEXAS [LIVE] (Sherman)
## CRIMINAL DOCKET FOR CASE #: 4:19-cr-00015-SDJ-KPJ-1

Case title: USA v. Watson

Date Filed: 01/09/2019

Date Terminated: 10/07/2019

Assigned to: District Judge Sean D. Jordan
Referred to: Magistrate Judge Kimberly C
Priest Johnson

**Defendant (1)**

**Michael Allen Watson**
*TERMINATED: 10/07/2019*

represented by **Denise Solis Benson**
Office of the Federal Public Defender-
ED/TX
7460 Warren Parkway, Suite 270
Frisco, TX 75034
469-362-8506
Fax: 469-362-6010
Email: denise_benson@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Frank Warren Henderson**
Office of the Federal Defender-ED/TX
Sherman
600 E. Taylor, Suite 4000
Sherman, TX 75092
903-892-4448
Fax: 903-892-4808
Email: frank_henderson@fd.org
*TERMINATED: 02/05/2019*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**

COUNTERFEITING OBLIGATIONS OF
THE UNITED STATES
(1)

**Disposition**

41 months imprisonment, 3 years
supervised release, $100 special
assessment fee

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                  **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                         **Disposition**

None

---

**Plaintiff**

**USA**                             represented by    **J Kevin McClendon**
US Attorney's Office - Plano
101 E Park Blvd
Suite 500
Plano, TX 75074
972/509-1201
Email: Kevin.McClendon@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/09/2019 | 1 | INDICTMENT as to Michael Allen Watson (1) count(s) 1. (mem) (Entered: 01/10/2019) |
| 01/09/2019 | 3 | E-GOV SEALED Form AO 257 filed as to Michael Allen Watson (mem) (Entered: 01/10/2019) |
| 01/29/2019 | | Arrest (on Writ) of Michael Allen Watson (mem) (Entered: 02/04/2019) |
| 01/30/2019 | 5 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Michael Allen Watson. (Attachments: # 1 Text of Proposed Order)(McClendon, J) (Entered: 01/30/2019) |
| 01/30/2019 | 6 | ORDER FOR WRIT AND WRIT OF HABEAS CORPUS AD PROSEQUENDUM granting 5 Motion for Writ of Habeas Corpus ad prosequendum as to Michael Allen Watson (1). Signed by Magistrate Judge Christine A. Nowak on 1/30/2019. (mem) (Entered: 01/30/2019) |

| 02/01/2019 | | NOTICE OF HEARING as to Michael Allen Watson Initial Appearance set Monday, 2/4/2019 09:30 AM in Ctrm 108 (Plano) before Magistrate Judge Kimberly C Priest Johnson. (ttm, ) (Entered: 02/01/2019) |
|---|---|---|
| 02/04/2019 | 7 | Minute Entry for proceedings held before Magistrate Judge Kimberly C Priest Johnson: Initial Appearance, Arraignment and Detention Hearing as to Michael Allen Watson held on 2/4/2019. Added attorney Frank Warren Henderson for Michael Allen Watson. Plea entered by Michael Allen Watson Not Guilty on counts 1. Oral motion for detention by USA. Detention Hearing waived. Defendant remanded to custody USM. (Court Reporter: Digital.) (mem) (Entered: 02/04/2019) |
| 02/04/2019 | | ORAL MOTION for Detention by USA as to Michael Allen Watson. (mem) (Entered: 02/04/2019) |
| 02/04/2019 | 8 | SEALED CJA 23 Financial Affidavit by Michael Allen Watson (mem) (Entered: 02/04/2019) |
| 02/04/2019 | 9 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Michael Allen Watson. Signed by Magistrate Judge Kimberly C Priest Johnson on 2/4/2019. (mem) (Entered: 02/04/2019) |
| 02/04/2019 | 10 | WAIVER of Detention Hearing by Michael Allen Watson (mem) (Entered: 02/04/2019) |
| 02/04/2019 | 11 | ORDER OF DETENTION as to Michael Allen Watson. Signed by Magistrate Judge Kimberly C Priest Johnson on 2/4/2019. (mem) (Entered: 02/04/2019) |
| 02/04/2019 | 12 | PRE-TRIAL ORDER as to Michael Allen Watson: Plea Agreement due by 4:00 PM on 3/18/2019. Final Pretrial Conference set for 4/8/2019 at 09:00 AM in Ctrm 105 (Plano) before District Judge Marcia A. Crone. Jury Selection and Trial will commence after the Pre-Trial Conference and continuing thereafter. Signed by Magistrate Judge Kimberly C Priest Johnson on 2/4/2019. (mem) (Entered: 02/04/2019) |
| 02/04/2019 | 13 | SCHDULING ORDER - PRETRIAL DISCOVERY & INSPECTION as to Michael Allen Watson. Signed by Magistrate Judge Kimberly C Priest Johnson on 2/4/2019. (mem) (Entered: 02/04/2019) |
| 02/05/2019 | 14 | NOTICE OF ATTORNEY APPEARANCE: Denise Solis Benson appearing for Michael Allen Watson (Benson, Denise) (Entered: 02/05/2019) |
| 02/08/2019 | 15 | E-GOV SEALED Arrest Warrant Returned Executed on 1/29/2019 in case as to Michael Allen Watson. (mem) (Entered: 02/11/2019) |
| 03/18/2019 | 16 | MOTION to Continue *Pretrial Motion Dates, Change of Plea Deadline and Final Pretrial Conference Date* by Michael Allen Watson. (Attachments: # 1 Text of Proposed Order)(Benson, Denise) (Entered: 03/18/2019) |
| 03/19/2019 | 17 | ORDER TO CONTINUE - Ends of Justice granting 16 MOTION to Continue filed by Michael Allen Watson. This case is reset for Pretrial Conference and Trial Scheduling on June 10, 2019, at 9:00 a.m. Signed by District Judge Marcia A. Crone on 3/19/2019. (mem) (Entered: 03/19/2019) |
| 03/19/2019 | 18 | AMENDED PRE-TRIAL ORDER as to Michael Allen Watson: Plea Agreement due by 4:00 PM on 5/20/2019. Final Pretrial Conference set for 6/10/2019 at 09:00 AM in Ctrm 105 (Plano) before District Judge Marcia A. Crone. Jury Selection and Trial will commence after the Pre-Trial Conference and continuing thereafter. Signed by District Judge Marcia A. Crone on 3/19/2019. (mem) (Entered: 03/19/2019) |

| 05/20/2019 | 19 | NOTICE OF PLEA AGREEMENT as to Michael Allen Watson. (McClendon, J) (Entered: 05/20/2019) |
|---|---|---|
| 05/20/2019 | 20 | ELEMENTS of the Offense by USA as to Michael Allen Watson (McClendon, J) (Entered: 05/20/2019) |
| 05/21/2019 | | NOTICE OF HEARING as to Michael Allen Watson: Change of Plea Hearing set for 6/3/2019 at 10:00 AM in Ctrm A01 (Sherman - Annex) before Magistrate Judge Christine A. Nowak. (klee, ) (Entered: 05/21/2019) |
| 06/03/2019 | 21 | Minute Entry for proceedings held before Magistrate Judge Christine A. Nowak: Change of Plea Hearing as to Michael Allen Watson held on 6/3/2019. Plea entered by Michael Allen Watson (1) Guilty Count 1. (Court Reporter: Digital.) (mem) (Entered: 06/03/2019) |
| 06/03/2019 | 22 | CONSENT to Administration of Guilty Plea and Fed.R.Crim.P.11 Allocution by U.S. Magistrate Judge by Michael Allen Watson (mem) (Entered: 06/03/2019) |
| 06/03/2019 | 23 | PLEA AGREEMENT as to Michael Allen Watson (mem) Modified on 10/3/2019 (bss, ). (Entered: 06/03/2019) |
| 06/03/2019 | 25 | Factual Basis by USA as to Michael Allen Watson. (mem) (Entered: 06/03/2019) |
| 06/03/2019 | 26 | FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA as to Michael Allen Watson. Signed by Magistrate Judge Christine A. Nowak on 6/3/2019. (mem) (Entered: 06/03/2019) |
| 06/03/2019 | 27 | MOTION for Forfeiture of Property *Preliminary* by USA as to Michael Allen Watson. (Attachments: # 1 Text of Proposed Order)(McClendon, J) (Entered: 06/03/2019) |
| 06/04/2019 | 28 | ORDER ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT as to Michael Allen Watson re 26 Findings of Fact. Signed by District Judge Marcia A. Crone on 6/4/2019. (mem) (Entered: 06/05/2019) |
| 06/05/2019 | 29 | PRELIMINARY ORDER OF FORFEITURE granting 27 Motion for Forfeiture of Property as to Michael Allen Watson (1). Signed by Magistrate Judge Christine A. Nowak on 6/5/2019. (mem) (Entered: 06/05/2019) |
| 08/26/2019 | | Pursuant to GO 19-13, all criminal cases originating in the Sherman Division which have heretofore been assigned to Judge Marcia Crone be and they are reassigned to Judge Sean Jordan, and the Clerk is directed to effect this reassignment instanter. Pursuant to SDJ-72-1, all pretrial motions in Sherman Division criminal cases assigned to United States District Judge Sean Jordan, with the exception of motions to suppress evidence, to dismiss or quash or an indictment or information made by the defendant, to continue, to sever, and to transfer venue, are hereby REFERRED to United States Magistrate Judge Kimberly C. Priest Johnson for consideration and hearing as deemed necessary, and a determination. Case as to Michael Allen Watson Reassigned to District Judge Sean D. Jordan and Magistrate Judge Kimberly C Priest Johnson. District Judge Marcia A. Crone, Magistrate Judge Christine A. Nowak no longer assigned to the case. (kls, ) (Entered: 08/27/2019) |
| 08/29/2019 | 31 | FINAL PRESENTENCE INVESTIGATION REPORT (SEALED) (including addendum) as to Michael Allen Watson (Attachments: # 1 Final Disclosure Letter) (mdurrum, ) (Entered: 08/29/2019) |

| | | |
|---|---|---|
| 08/29/2019 | 32 | SEALED PSI - SENTENCING RECOMMENDATION as to Michael Allen Watson (mdurrum, ) (Entered: 08/29/2019) |
| 09/04/2019 | | NOTICE OF SENTENCING HEARING as to Michael Allen Watson: Sentencing set for 10/3/2019 11:00 AM in Ctrm 105 (Plano) before District Judge Sean D. Jordan. All departure and variance motions, sentencing memoranda, character letters and any other documents relating to the sentencing hearing must be filed within 5 business days of the date of this notice in order to be considered. Character Letters should be submitted by email as one PDF document to Bonnie_Sanford@txed.uscourts.gov. [English Language Only](bss, ) (Entered: 09/04/2019) |
| 10/03/2019 | 33 | Minute Entry for proceedings held before District Judge Sean D. Jordan:Sentencing held on 10/3/2019 for Michael Allen Watson (1), Count(s) 1, 41 months imprisonment, 3 years supervised release, $100 special assessment fee. (Court Reporter Lori Barnett.) (bss, ) (Entered: 10/03/2019) |
| 10/03/2019 | 34 | NOTICE *Declaration of Publication* by USA as to Michael Allen Watson (McClendon, J) (Entered: 10/03/2019) |
| 10/03/2019 | 35 | Final MOTION for Forfeiture of Property by USA as to Michael Allen Watson. (Attachments: # 1 Text of Proposed Order)(McClendon, J) (Entered: 10/03/2019) |
| 10/04/2019 | 36 | FINAL ORDER OF FORFEITURE granting 35 Final Motion for Forfeiture of Property as to Michael Allen Watson (1). Signed by District Judge Sean D. Jordan on 10/4/2019. (mcg) (Entered: 10/04/2019) |
| 10/07/2019 | 37 | JUDGMENT as to Michael Allen Watson (1), Count(s) 1, 41 months imprisonment, to run consecutively to any sentence which may be imposed in Docket No. 401-84531-2018 in the 401st Judicial District Court of Collin County, McKinney, Texas, 3 years supervised release, $100 special assessment fee. Signed by District Judge Sean D. Jordan on 10/7/2019. (mcg) (Entered: 10/07/2019) |
| 10/07/2019 | 38 | SEALED Statement of Reasons re 37 Judgment. (mcg) (Entered: 10/07/2019) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



UNITED STATES OF AMERICA,      §
    §
v.     §      Cause No. 4:19CR 15
    §      Judge _Crome_
MICHAEL ALLEN WATSON     §

### INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 18 U.S.C. § 471
(Counterfeiting Obligations of the United
States) and 18 U.S.C. § 2

On or about May 3, 2018, in the Eastern District of Texas, defendant **MICHAEL**

**ALLEN WATSON** with the intent to defraud, did counterfeit an obligation of the United

States, that is a falsely made, forged and counterfeited United States $100 Federal

Reserve Notes bearing the serial number: MB25129532H.

In violation of 18 U.S.C. § 471.

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

### Pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 492, and 28 U.S.C. § 2461

As a result of committing the offense charged in this Indictment, the defendant

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 492,

and 28 U.S.C. § 2461, all property used to commit or facilitate the offenses, proceeds

from the offenses, and property derived from proceeds obtained directly or indirectly

from the offenses, including but not limited to the following:

1. Thirty-seven (37) counterfeited United States $100 Federal Reserve Notes bearing the serial numbers MB25129532H, LK17700122F, and JL13563045B;

2. Seventy-six (76) counterfeit United States $50 Federal Reserve Notes bearing the serial numbers JK13563045B, MB25129532H, and LK17700122F; and

3. Twenty (20) counterfeited United States $20 Federal Reserve Notes bearing the serial numbers MF41581806C, MF74919192B, MK800118249D.

4. Dell OptiPlex 745 computer CPU - 1ZCL3D1.

5. Epson WF-3640 Printer - Model #C481E, S/N SEYYB81787.

6. Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713444/9.

7. Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713564/4.

8. iPhone: Model X / S/N: F18VTBRCJL9.

9. iPad: S/N GCGVDB8Z5HLJK.

All such proceeds and/or instrumentalities are subject to forfeiture by the

government.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____
Kevin McClendon
Assistant United States Attorney
Watson Indictment
Page **2** of **2**

_____
$1-9-9$

Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA,          §
                                   §
v.                                 §     Cause No. 4:19CR 15
                                   §     Judge _Crone_
MICHAEL ALLEN WATSON               §

## NOTICE OF PENALTY

### Count One

Violation:     18 U.S.C. § 471

Penalty:       A term of imprisonment of not more than twenty (20) years and/or a fine of
               $250,000 or not more than the greater of twice the gross gain to the
               defendant or twice the gross loss to one other than the defendant, and a
               term of Supervised Release of not more than three (3) years.

Special Assessment: $100.00

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:19CR15 |
| | § | Judge Crone |
| MICHAEL ALLEN WATSON | § | |

## **PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM**

TO THE HONORABLE JUDGE OF SAID COURT:

The Petitioner, United States of America, by and through the United States

Attorney for the Eastern District of Texas, respectfully shows:

Defendant, **Michael Allen Watson**, is charged with a violation of 18 U.S.C. §

471. Defendant is presently incarcerated in Collin County Jail.

This Honorable Court has ordered Defendant to be in the United States District

Court at Plano, Texas, on instanter for Initial Appearance/Arraignment.

Petitioner respectfully requests this Honorable Court to issue a Writ of Habeas

Corpus Ad Prosequendum commanding the United States Marshal, Eastern District of

Texas, and the Warden/Sheriff of Collin County Jail to produce the body of **Michael

Allen Watson** before this Honorable Court at Plano, Texas, instanter for the stated

purpose and further commanding said officers to return the defendant to the custody of

the Warden/Sheriff of Collin County Jail, at the conclusion of all said proceedings, or as

duly ordered by this Court.

**Writ – Page 1**

Respectfully submitted,

JOSEPH D. BROWN
United States Attorney

_____/s/_____
KEVIN MCCLENDON
Assistant United States Attorney
Texas Bar No. 13408620
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
kevin.mcclendon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on January 30, 2019.

_____/s/_____
KEVIN MCCLENDON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:19CR15 |
| | § | Judge Crone |
| MICHAEL ALLEN WATSON | § | |

## ORDER FOR WRIT AND WRIT OF HABEAS CORPUS AD PROSEQUENDUM

The Petition for Writ of Habeas Corpus Ad Prosequendum of the United States

Attorney for the Eastern District of Texas on behalf of the United States of America, on

this date came on for consideration, and it appearing to the Court that the Petition states

good and sufficient cause for the issuance of the Writ of Habeas Corpus Ad

Prosequendum as requested, it is now hereby,

ORDERED and DIRECTED that the United States Marshal, Eastern District of

Texas and Warden/Sheriff of the Collin County Jail shall produce and have the body of

**Michael Allen Watson**, who is detained in the custody of the Warden/Sheriff of the

Collin County Jail, before the United States District Court for the Eastern District of

Texas, in Plano, Texas, instanter, said Defendant to appear for Initial Appearance/

Arraignment and for the above-styled cause; and to return **Michael Allen Watson,**

Defendant herein, to the custody of the Warden/Sheriff of the Collin County Jail, under

safe and secure conduct at the conclusion of all of said proceedings hereafter ordered by

this Court, and have you then and there this Writ.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:19CR15 |
| | § | |
| MICHAEL ALLEN WATSON | § | |

**ORDER FOR WRIT AND WRIT OF HABEAS CORPUS AD PROSEQUENDUM**

The Petition for Writ of Habeas Corpus Ad Prosequendum of the United States

Attorney for the Eastern District of Texas on behalf of the United States of America, on

this date came on for consideration, and it appearing to the Court that the Petition states

good and sufficient cause for the issuance of the Writ of Habeas Corpus Ad

Prosequendum as requested, it is now hereby,

ORDERED and DIRECTED that the United States Marshal, Eastern District of

Texas and Warden/Sheriff of the Collin County Jail shall produce and have the body of

**Michael Allen Watson**, who is detained in the custody of the Warden/Sheriff of the

Collin County Jail, before the United States District Court for the Eastern District of

Texas, in Plano, Texas, instanter, said Defendant to appear for Initial Appearance/

Arraignment and for the above-styled cause; and to return **Michael Allen Watson,**

Defendant herein, to the custody of the Warden/Sheriff of the Collin County Jail, under

safe and secure conduct at the conclusion of all of said proceedings hereafter ordered by

this Court, and have you then and there this Writ.

**SIGNED this 30th day of January, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

DATE      2/4/19          CASE NUMBER   4:19-cr-15 MAC
LOCATION  Plano            USA   Kevin McClendon          Assigned
JUDGE   Kimberly C. Priest Johnson    V    Kevin McClendon    Appeared
DEPUTY CLERK   Toya McEwen
COURT REPORTER Digital Recording     MICHAEL ALLEN WATSON
USPO:  Tiffany Routh
Interpreter:                Defendant
BEGIN:   9:44 am            Frank Henderson, FD
                            Attorney

FILED
FEB - 4 2019
Clerk, U.S. District Court
Texas Eastern

☑  INITIAL APPEARANCE
☑  ARRAIGNMENT
☑  DETENTION HEARING

☑  Hearing Held    ☐  Hearing Called    ☑  Defendant Sworn    ☐  Interpreter Required

☑  Dft appears: ☐ with counsel   ☑ without counsel   ☐ pro se   ☐ Counsel appears on behalf of defendant

    Appears on: ☑ Indictment

☑  Defendant is the person as named in the Indictment.

☐  Defendant is NOT the person as named in the Indictment, _____ name given.

☐  Defendant advised of Constitutional rights.    ☐   Defendant acknowledged understanding Constitutional rights.

☐  Defendant advised for the right to Consular notification.   ☐   Defendant acknowledged understanding right to Consular notification.

☑  Date of arrest:  Writ       (Other district court & case #) _____

☑  Dft   ☑ found competent by the Court to proceed with hearing  ☐ Defendant advised of Constitutional rights

        ☐ advised of right to remain silent   ☑ advised of charges       ☑ advised of maximum penalties
        ☑ advised of right to counsel         ☑ received copy of indictment  ☑ waived reading of indictment

☐  Dft first appearance with counsel  ☐ CJA appointed  ☐ Retained  ☐ Federal Public Defender appointed
    Attorney: _____

☐  Dft      advises the Court that he/she ☐ has counsel who is _____ or, ☐ will hire counsel.

☐  If dft cannot retain counsel, the court is to be advised within _____ days so counsel may be appointed.

☑  Dft    Requests appointed counsel, is sworn & examined re: financial status.

☑  Financial affidavit executed by dft. The court finds the defendant, ☐ able  ☑ unable to employ counsel.

☐  _____ appointed   ☑ U.S. Pub Defender  Frank Henderson  appointed

☑  USA  ORAL motion for detention

☐  USA  ORAL motion for continuance   ☐   Oral Order granting continuance ☐  Oral Order denying continuance

☐  Defendant ORAL motion to continue detention hearing

☐  Oral Order granting continuance   ☐ Oral Order denying continuance

☐  Detention Hrg set _____

☐  Arraignment set _____

☐  Order setting conditions of release   ☐ PR Bond executed

☑  Detention Hearing waived.

☑  Court found Waiver of detention hearing is knowingly and voluntarily given. Defendant detained based on signed Waiver.

☐  Defendant _____ remanded to custody of U.S. Marshal.

**CRIM 92-116**          ☐   See reverse/attached for additional proceedings          _____ Adjourn

☐    Dft motion _____

☐    Gvt motion _____

☐    Defendant failed to appear    ☐ oral order for arrest warrant;    ☐ bond forfeited

## ARRAIGNMENT

☑    Arraignment held .    ☐ Arraignment called.    ☐ Arraignment reset: _____

☑    Dft    ☑ with counsel   ☐ without counsel   ☐ pro se   ☐ Counsel appears on behalf of defendant

☑    Dft    ☑ received copy of charges    ☐ discussed charges with counsel    ☐ charges read
        ☑ waived reading of charges    ☐ advised of maximum penalties

Dft enters a plea of: ☑ not guilty   ☐ guilty   ☐ nolo
to counts: ☑ 1   ☐ 2   ☐ 3   ☐ 4   ☐ 5   ☐ 6   ☐ 7   ☐ 8   ☐ 9   ☐ 10   ☐ 11   ☐ 12
☐ all counts _____

☑    Pretrial Discovery and Inspection Order to be entered. Case set for final pretrial conference / jury selection and trial setting on :
**Monday, April 8, 2019, at 9:00 am in United States Courthouse before Judge Marcia A. Crone, in Plano, Texas**

☐    _____ .

☐    Defendant motion _____ .

☑    Defendant remanded to custody USM      ☐ Defendant RELEASED on conditions of release after out-processing by USMO

☑    Recess   9:48 am

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED

FEB - 4 2019

Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | Criminal No. 4:19-CR-15 MAC |
| | § | |
| MICHAEL ALLEN WATSON | § | |

ORDER

Because the above-named Defendant has testified under oath or has otherwise satisfied this

court that he (1) is financially unable to employ counsel, and (2) does not wish to waive counsel, and

because the interests of justice so require, the Federal Public Defender is appointed to represent this

person in the above-designated case.

The appointment shall remain in effect until terminated or a substitute attorney is appointed.

**IT IS SO ORDERED**.

Signed the 4th day of February, 2019.

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

FILED

FEB - 4 2019

Clerk, U.S. District Court
Texas Eastern

UNITED STATES OF AMERICA,

§
§
§   CASE NUMBER 4:19-CR-00015-MAC
§
v.                                           §
§
§
§
MICHAEL ALLEN WATSON,          §

## WAIVER OF DETENTION HEARING

I, **MICHAEL ALLEN WATSON,** having been charged with a violation of Title 18

U.S.C. § 471 - Counterfeiting Obligations of the United States and 18 U.S.C. § 2, having

appeared before the Court and been advised of my rights as required by Title 18 U.S.C. Section

3142 et seq., including my right to have a detention hearing, do hereby waive (give up) my right

to a detention hearing and agree to be held in custody pending disposition of this matter.

_____
Defendant

_____
Defendant's Attorney

Date: 2/4/19

FILED

FEB - 4 2019

Clerk, U.S. District Court
Texas Eastern

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA        §
                                §
vs                              §        CRIMINAL NO.  4:19-CR-15 MAC
                                §
MICHAEL ALLEN WATSON            §

**ORDER**

The Court held a hearing to consider the matter of Defendant's detention pending trial and Defendant waived his right to a detention hearing by the execution of waiver.

It is therefore **ORDERED** that Defendant is detained pending trial without prejudice to his re-raising the issue of pretrial detention at any time.

IT IS SO ORDERED.

Signed the 4th day of February, 2019.

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

FILED

FEB - 4 2019

Clerk, U.S. District Court
Texas Eastern

# UNITED STATES DISTRICT COURT     EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | §    CRIMINAL ACTION NO. 4:19-CR-15 |
| | § |
| MICHAEL ALLEN WATSON | § |

## PRE-TRIAL ORDER

This case is set for **Final Pre-Trial Conference** on    April 8, 2019,    at 9:00 a.m. in Courtroom #105, United States Courthouse, 7940 Preston Road, Plano, Texas, **Jury Selection** and **Trial** will commence after the Pre-Trial Conference and continuing thereafter.

The following deadlines shall apply in this case.

| | |
|---|---|
| March 4, 2019 | Any motion to suppress evidence shall be filed with the court. |
| March 18, 2019 | Any motion for continuance shall be filed with the court. |
| March 29, 2019 | Counsel for the Government shall deliver to counsel for Defendant(s) proposed jury instructions. |
| March 18, 2019 By 4:00 PM | Notification of a plea agreement shall be by email, hand delivery or fax of a signed copy of the plea agreement and factual basis for the plea. Notification that the case will proceed to trial may be by email or telephone. **After this deadline, no plea agreement will be honored by the court, and Defendant may not receive a points reduction for acceptance of responsibility.** |
| April 1, 2019 | If the parties do not notify the Court of a plea agreement as provided above, defense counsel shall deliver to counsel for the Government any additional jury instructions desired by Defendant(s). If two or more Defendants are represented by separate counsel, their submission must be made jointly. |
| April 1, 2019 | Counsel for Defendant(s) and counsel for the Government shall confer to determine which jury instructions can be agreed upon. |

April 1, 2019                 Parties shall file any motions in limine and any other pretrial motions.
_____

April 1, 2019                 Counsel for the Government and counsel for the Defendant(s) shall:
_____

A.      Jointly file agreed upon instructions;

B.      Each file any proposed instructions that were not agreed upon, citing the authority for each instruction. (Any party seeking to file proposed jury instructions after the deadline may do so only with leave of Court.);

C.      Each file any objections to the other's proposed jury instructions. Objections must be written, specific, cite authority, and include any alternate instructions counsel deem more appropriate;

D.      Each file proposed voir dire questions;

E.      If counsel believes that a written response to a particular motion in limine is needed, file it as soon as possible;

F.      Each provide the court a list of witnesses, a list of exhibits anticipated to be introduced during trial, and a copy of each marked exhibit. All exhibits to be used for trial shall be pre-marked numerically and in succession. (Groups of exhibits pertaining to the same subject matter, such as photos of same scene, may, at counsel's discretion be numbered and lettered, i.e., 2a, 2b, 2c, etc.) Counsel shall provide the Court the original and two (2) copies of each list and marked exhibit.

Signed the 4th day of February, 2019.

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

FILED

FEB - 4 2019

Clerk, U.S. District Court
Texas Eastern

UNITED STATES OF AMERICA     §

*versus*                            §     CASE NUMBER   4:19-CR-15

MICHAEL ALLEN WATSON     §

## SCHEDULING ORDER

It is **ORDERED**:

## I. PRETRIAL DISCOVERY AND INSPECTION

A.     Within five (5) days after the arraignment, or date of receipt of this Order by Defendant, whichever occurs first, the United States Attorney or Assistant United States Attorney prosecuting the case (hereinafter collectively "United States Attorney") and Defendant's attorney shall confer; whereupon, the United States of America (hereinafter "the Government") shall:

(1)     Permit Defendant's attorney to inspect and copy or photograph any relevant written or recorded statements or confessions made by Defendant, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government;

(2)     Permit Defendant's attorney to inspect and copy or photograph that portion of any written record containing the substance of any relevant oral statement made by the Defendant whether before or after arrest in response to interrogation by any person then known to Defendant to be a Government agent;

(3)     Permit Defendant's attorney to inspect and copy or photograph any recorded testimony of Defendant before a grand jury which relates to the offense charged;

(4)     Disclose to Defendant's attorney the substance of any other relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known by Defendant to be a Government agent if the Government intends to use that statement at trial;

(5)     Disclose to Defendant any copy of Defendant's prior criminal record, if any, as is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, including the Federal Bureau of Investigation Identification Sheet;

(6)     Permit Defendant's attorney to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of Defendant's defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belong to Defendant;

(7)     Permit Defendant's attorney to inspect and copy or photograph any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connections with the case, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial;

(8)     Permit Defendant's attorney to inspect, copy, or photograph any evidence within the ambit of *Brady v. Maryland* (evidence which might tend to exculpate Defendant, mitigate punishment, or impeach testimony which may be determinative of Defendant's guilt or innocence);

(9)     Disclose to Defendant's attorney evidence of Defendant's other crimes, wrongs, or acts which — although inadmissible to prove Defendant's bad character — the Government believes to be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, concerning the instant charge; and

(10)    Disclose to Defendant's attorney a written summary of testimony the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence, during its case in chief at trial, including witness opinions, bases and reasons therefor, and the witnesses' qualifications.

B.     If, in the judgment of the United States Attorney, it would not be in the interests of justice to make any one or more disclosures set forth in paragraph "A" and requested by Defendant's counsel, the declination shall be in writing, directed to Defendant's counsel, and signed personally by the United States Attorney, specifying the

types of disclosures that are declined.  If Defendant seeks to challenge the declination, Defendant shall proceed pursuant to paragraph "C" below.

C.     If additional discovery or inspection is sought, Defendant's attorney shall confer with the appropriate United States Attorney within ten (10) days of the arraignment, or date of receipt of this Order by Defendant, whichever occurs first, with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court.  The request may be oral or written, and the United States Attorney shall respond in a like manner.

D.     In the event Defendant thereafter moves for additional discovery or inspection, Defendant's motion shall be filed within twenty (20) days after the arraignment, or date of receipt of this Order by Defendant, whichever occurs first.  It shall contain:

(1)     the statement that the prescribed conference was held;

(2)     the date of said conference;

(3)     the name of the United States Attorney with whom the conference was held; and

(4)     the statement that agreement could not be reached concerning the discovery or inspection that is the subject of Defendant's motion.

The Court cautions counsel that filing unnecessary motions may result in imposition of sanctions.  Counsel are to present by motion only genuine issues actually in dispute that counsel are unable to resolve in conference.

E.     Upon the Government's compliance with the provisions of paragraph "A" of this Order, Defendant shall permit the Government to inspect and copy or photograph:

(1)     Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in chief at the trial; and

(2)     Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom Defendant intends to call at the trial when the results or reports relate to that witness's testimony.

F.     Any duty of disclosure and discovery set forth in this Order is a continuing one.

G.     Any disclosure granted by the Government pursuant to this Order of material within the purview of FED. R. CRIM. P. 16(a)(2) and 16(b) and FED. R. EVID. 404(b) shall be considered as information requested by Defendant and granted by the Court.

## II. OTHER DEFENSES, OBJECTIONS AND REQUESTS

Pursuant to FED. R. CRIM. P. 12(c), the Court requires that any defense, objection or request capable of determination without trial of the general issue[1] be raised by written motion in the form required by FED. R. CRIM. P. 47. Any such motion shall be filed within  twenty (20) days from date of this order, and the Government shall respond within seven (7)  days after being served, unless the Court by separate order (*e.g.*, an "Order Setting Final Pre-Trial and Trial" or similar order) establishes an explicit deadline for filing and responding to a particular type of motion. When specific deadlines established by separate Court order conflict with general deadlines stated above, the separate order shall prevail and govern the parties.

---

[1] These matters include all matters listed in RULES 12 (b), 12.1, 12.2, 12.3, 14, 15 and 16, FED. R. CRIM. P., and include, without limitation, (1) defects in institution of prosecution; (2) defects in indictment or information; (3) suppression of evidence; (4) alibi; (5) insanity or mental condition; (6) defense based on public authority; (7) discovery; (8) depositions; (9) selective or vindictive prosecution; (10) outrageous governmental misconduct; (11) misjoinder; (12) pre-indictment delay; (13) speedy trial; (14) prejudicial publicity; (15) lack of personal jurisdiction; (16) Posse Comitatus Act, 18 U.S.C. 1385; (17) recantation as a defense to perjury; (18) limitations; (19) double jeopardy; (20) multiple sentencing; and (21) immunity. If the Federal Rules of Criminal Procedure, a federal statute, or other Order of the Court establishes an earlier deadline than established in this Order, the earlier deadline shall govern the parties.

## III.  COMPLIANCE

Failure to provide discovery and observe deadlines established in this order may result in the imposition of sanctions.  Failure to raise defenses or objections, or to make requests in accordance with Sections I and II, shall constitute waiver thereof, but the Court for cause shown may grant relief from the waiver.

Signed the 4th day of February, 2019.

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 4:19CR15 |
| | § | (Judge Crone) |
| MICHAEL ALLEN WATSON | § | |

## NOTICE TO THE COURT OF SUBSTITUTION OF COUNSEL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS:

COMES NOW Assistant Federal Public Defender, Denise S. Benson, for the Eastern
District of Texas, the undersigned and notices the Court of the Federal Defender's intent to
substitute Denise S. Benson, Assistant Federal Defender, Sherman Division, for Frank W.
Henderson, as counsel for defendant in this cause.    The undersigned, Denise S. Benson, Assistant
Federal Defender, should be formally substituted as attorney of record for the defendant, and all
further pleadings and papers should be served on:

> Denise S. Benson
> State Bar No. 24000516
> Assistant Federal Defender
> 7460 Warren Parkway, Suite 270
> Frisco, Texas 75034
> (469) 362-8506
> (469) 362-6010 FAX

Respectfully Submitted,


/s/ Denise S. Benson
DENISE S. BENSON
State Bar No. 24000516
Assistant Federal Defender
Federal Defender's Office
7460 Warren Parkway, Suite 270
Frisco, Texas 75034
(469) 362-8506
(469) 362-6010 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to Kevin McClendon, Assistant U.S. Attorney, presently assigned to this case, via electronic court filing system, on this the 5th day of February, 2019.


/s/ Denise S. Benson
DENISE S. BENSON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA  §
§
V.  §  NO. 4:19CR15
§  (Judge Crone)
MICHAEL ALLEN WATSON  §

**MOTION FOR CONTINUANCE OF PRETRIAL MOTION DATES,
CHANGE OF PLEA DEADLINE, AND FINAL PRETRIAL CONFERENCE DATE**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS;

COMES NOW, Defendant MICHAEL ALLEN WATSON, by and through his
undersigned attorney, and files this, his MOTION FOR CONTINUANCE OF PRETRIAL
MOTION DATES, CHANGE OF PLEA DEADLINE, AND FINAL PRETRIAL CONFERENCE
DATE, and would show this Honorable Court as follows, to-wit:

**I.**

**PROCEDURAL HISTORY**

On the 4th day of February, 2019, the Defendant appeared before United States Magistrate
Judge Kimberly Priest Johnson for an Initial Appearance and Arraignment on a one-count
Indictment in which the Defendant is charged with a violation of Title 18, U.S.C. § 471
(Counterfeiting Obligations of the United States). At that time, the Office of the Federal Public
Defender for the Eastern District of Texas was appointed to represent the Defendant. The Pretrial
Order relating to Pretrial Discovery and Inspection scheduled a Final Pretrial Conference for April
8, 2019.

Motion for Continuance of Pretrial Motion Dates,
Change of Plea Deadline, and Final Pretrial Conference Date
Page - 1 -

United States v. MICHAEL ALLEN WATSON
Cause No. 4:19CR15

## II.

## GROUNDS FOR MOTION

Defense counsel is currently in the process of reviewing discovery provided in this case. Because of the nature of the offense and the possible punishment, defense counsel must then carefully review the evidence with the Defendant and insure that all questions are answered. In addition, there are issues that defense counsel wishes to discuss with the government and present to the Defendant. Defendant respectfully requests additional time to discuss the case with counsel for the government and insure that all evidence is reviewed in order to make a fully informed decision. This request is made in order to insure that effective assistance of counsel is provided to the Defendant.

Due to the reason outlined above, Defendant respectfully requests an additional 30 days for the pretrial motion dates, change of plea deadline, and final pretrial conference date.

WHEREFORE PREMISES CONSIDERED, Defendant respectfully requests that the pretrial motion dates, change of plea deadline, and final pretrial conference date in this case be reset from their current setting for an additional 30 days.

Respectfully submitted,

/s/ Denise S. Benson
DENISE S. BENSON
Assistant Federal Defender
Eastern District of Texas
7460 Warren Parkway, Suite 270
Frisco, Texas 75034
(469) 362-8506
FAX: (469) 362-6010

*Attorney for Defendant*

Motion for Continuance of Pretrial Motion Dates,
Change of Plea Deadline, and Final Pretrial Conference Date
Page - 2 -

United States v. MICHAEL ALLEN WATSON
Cause No. 4:19CR15

## CERTIFICATE OF CONFERENCE

Defense counsel contacted Assistant United States Attorney, Kevin McClendon, and the Government does not oppose this motion.

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2019, a true and correct copy of the foregoing Defendant's MOTION FOR CONTINUANCE OF PRETRIAL MOTION DATES, CHANGE OF PLEA DEADLINE, AND FINAL PRETRIAL CONFERENCE DATE was sent by CM/ECF to:

Kevin McClendon
Assistant U.S. Attorney
101 E. Park Blvd.
Suite 500
Plano, TX    75074

/s/ Denise S. Benson
DENISE S. BENSON
*Attorney for Defendant*

Motion for Continuance of Pretrial Motion Dates,                         United States v. MICHAEL ALLEN WATSON
Change of Plea Deadline, and Final Pretrial Conference Date              Cause No.  4:19CR15
Page - 3 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 4:19CR15 |
| | § | (Judge Crone) |
| MICHAEL ALLEN WATSON | § | |

**O R D E R**

On this day the Court considered the MOTION FOR CONTINUANCE OF PRETRIAL

MOTION DATES, CHANGE OF PLEA DEADLINE, AND FINAL PRETRIAL CONFERENCE

DATE.   After careful consideration of the pleadings and arguments of counsel, the Court finds

as follows:

1.     The defendant's request is made knowingly, intelligently and voluntarily.

2.     The Government has no objection to a continuance of the case.

3.     This continuance is required to assure the necessary time for counsel to effectively

prepare for trial, taking into account the exercise of due diligence.

4.     The ends of justice served by granting the defendant's request outweigh the best

interests of the public and the defendant in a speedy trial.

IT IS ORDERED that Defendant's motion for continuance is GRANTED / DENIED.

**UNITED STATES DISTRICT COURT**    **EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | § CRIMINAL ACTION NO. 4:19cr15 |
| | § |
| MICHAEL ALLEN WATSON (1) | § |

## ORDER

Defendant Michael Allen Watson's Motion for Continuance (#16) is granted.  The

court, having considered the factors set forth in 18 U.S.C. § 3161, finds as follows:

1.    Defendant's request is made knowingly, intelligently, and voluntarily.

2.    The Government has no objection to a continuance.

3.    Having considered the factors listed in 18 U.S.C. § 3161(h)(7)(B), the court
        finds that the ends of justice served by granting Defendant's request outweigh
        the best interests of the public and the Defendant in a speedy trial.

4.    This continuance is required to assure the necessary time for counsel to prepare
        effectively for trial, taking into account the exercise of due diligence.

5.    The period of delay due to the motion for continuance is the period from the
        date of the motion through the date of the new trial setting, and this is
        excludable time under the Speedy Trial Act.

Defendant's Motion for Continuance is **GRANTED**, and this case is **reset** for **Pretrial**

**Conference and Trial Scheduling** on **June 10, 2019, at 9:00 a.m.**

SIGNED at Beaumont, Texas, this 19th day of March, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**     **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CRIMINAL ACTION NO. 4:19cr15 |
| | § | |
| MICHAEL ALLEN WATSON (1) | § | |

### AMENDED PRE-TRIAL ORDER

This case is set for **Final Pre-Trial Conference** on ___June 10, 2019,___ at 9:00 a.m. in Courtroom #105, United States Courthouse, 7940 Preston Road, Plano, Texas, **Jury Selection** and **Trial** will commence after the Pre-Trial Conference and continuing thereafter.

The following deadlines shall apply in this case.

| | |
|---|---|
| May 6, 2019 | Any motion to suppress evidence shall be filed with the court. |
| May 20, 2019 | Any motion for continuance shall be filed with the court. |
| May 31, 2019 | Counsel for the Government shall deliver to counsel for Defendant(s) proposed jury instructions. |
| May 20, 2019 By 4:00 PM | Notification of a plea agreement shall be by email, hand delivery or fax of a signed copy of the plea agreement and factual basis for the plea.  Notification that the case will proceed to trial may be by email or telephone.  **After this deadline, no plea agreement will be honored by the court, and Defendant may not receive a points reduction for acceptance of responsibility.** |
| June 3, 2019 | If the parties do not notify the Court of a plea agreement as provided above, defense counsel shall deliver to counsel for the Government any additional jury instructions desired by Defendant(s).  If two or more Defendants are represented by separate counsel, their submission must be made jointly. |
| June 3, 2019 | Counsel for Defendant(s) and counsel for the Government shall confer to determine which jury instructions can be agreed upon. |

June 3, 2019            Parties shall file any motions in limine and any other pretrial motions.

June 3, 2019            Counsel for the Government and counsel for the Defendant(s) shall:

A.     Jointly file agreed upon instructions;

B.     Each file any proposed instructions that were not agreed upon, citing the authority for each instruction. (Any party seeking to file proposed jury instructions after the deadline may do so only with leave of Court.);

C.     Each file any objections to the other's proposed jury instructions. Objections must be written, specific, cite authority, and include any alternate instructions counsel deem more appropriate;

D.     Each file proposed voir dire questions;

E.     If counsel believes that a written response to a particular motion in limine is needed, file it as soon as possible;

F.     Each provide the court a list of witnesses, a list of exhibits anticipated to be introduced during trial, and a copy of each marked exhibit. All exhibits to be used for trial shall be pre-marked numerically and in succession. (Groups of exhibits pertaining to the same subject matter, such as photos of same scene, may, at counsel's discretion be numbered and lettered, i.e., 2a, 2b, 2c, etc.) Counsel shall provide the Court the original and two (2) copies of each list and marked exhibit.

SIGNED at Beaumont, Texas, this 19th day of March, 2019.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:19CR15 |
| | § | Judge Crone |
| MICHAEL ALLEN WATSON | § | |

### NOTICE OF PLEA

The United States of America, by and through its United States Attorney, would

show the Court that the defendant, **Michael Allen Watson**, and the Government have

entered into an agreement in relation to the charges now pending before this Court.

Respectfully submitted,

JOSEPH D. BROWN
United States Attorney

___/s/_____
Kevin McClendon
Assistant United States Attorney
Texas Bar No. 13408620
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
kevin.mcclendon@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via electronic filing to

defense counsel on May 20, 2019.

___/s/_____
Kevin McClendon

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:19CR15 |
| | § | Judge Crone |
| MICHAEL ALLEN WATSON | § | |

## ELEMENTS OF THE OFFENSE

18 U.S.C. § 471 makes it a crime for anyone to falsely make or counterfeit any

United States money.   For a defendant to be found guilty of this crime, the government

must prove each of the following elements beyond a reasonable doubt:

*First*:        That the defendant made counterfeit United States money; and

*Second*:        That the defendant did so with intent to defraud, that is, intending to

cheat someone by making that person think the United States money

was real.

Respectfully submitted,

JOSEPH D. BROWN
United States Attorney

____/s/_____
Kevin McClendon
Assistant United States Attorney
Texas Bar No. 13408620
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
kevin.mcclendon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on May 20, 2019.

\_\_\_\_/s/_____
Kevin McClendon

DATE  06/03/2019                          CASE NUMBER  4:19CR15-1  MAC/CAN
LOCATION  SHERMAN ANNEX                   USA  Kevin McClendon___, AUSA, Appeared for Govt
JUDGE  Christine Nowak                    VS
DEPUTY CLERK K. Lee                       Michael Allen Watson
COURT REPORTER: Digital
BEGIN: 10:12 a.m./ 10:31 a.m.             Attorney:  Denise Benson

☑ CHANGE OF PLEA                          Interpreter  Not Required
☐ CHANGE OF PLEA without Plea Agreement

☑ CASE CALLED   ☑ DEFENDANT SWORN   ☐ INTERPRETER REQUIRED   ☐ INTERPRETER SWORN

☑  Defendant appeared ☑ With counsel  Denise Benson

☑  Defendant signs Consent to Administration of Guilty Plea by United States Magistrate Judge.

☑  Defendant to plea guilty to  Count One of the Indictment

☑  Court reviews rights, questions Defendant regarding understanding of same.
☐   Defendant waived right to indictment.  Waiver of Indictment signed and entered.
☑  Defendant waives reading of the Indictment / Information
☑  AUSA outlines essential elements of the offense.
☐  Court states range of penalty.
☑  AUSA states range of penalty.

☑  Defendant acknowledged satisfaction with representation of counsel.
☑  Court reviewed rights regarding plea of guilty, jury trial and rights of appeal.
☑  Court reviewed plea agreement with the Defendant.
☑  Court reviewed Factual Basis with Defendant.
☑  Counsel reviewed [sealed] plea addendum with the Defendant and confirms Defendant understands the addendum.
☐  Defendant is not a citizen of the United States  ☐ Defendant is not a legal permanent resident.
☐  Court advised defendant of deportation possibilities  ☐ Defendant acknowledged understanding deportation possibility

☑  Forfeiture provision explained to Defendant      ☑ Defendant acknowledged understanding forfeiture provision

☐  Court advised defendant of requirement to register as sex offender
☐  Defendant acknowledged understanding registration requirement

☑  Defendant entered a plea of guilty to  Count One of the Indictment
☑  Court will recommend district court accept plea of guilty
☑  Both parties waive the 14 day objection period for the recommendation to the District Judge
☑  Court finds plea is voluntary, knowledgeable and that it has a basis in fact

☑  Consent Form entered.
☑  Plea Agreement entered under seal.      ☑ Plea Agreement Addendum entered under seal.
☑  Factual Basis entered.

☑  Defendant remanded to custody of USM.

☐  Defendant to remain on Conditions of Release

☐  _____
   _____
   _____

CRIM 92-114

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

UNITED STATES OF AMERICA      §
                               §
                               §    CASE NUMBER 4:19-CR-00015
                               §

v.                                §
                               §

MICHAEL ALLEN WATSON     §

## CONSENT TO ADMINISTRATION OF GUILTY PLEA AND
## FED. R. CRIM. P. 11 ALLOCUTION
## BY UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge has informed me of my right to have my plea taken by the District Judge, and after discussing the matter with my counsel, I hereby voluntarily agree and consent to have United States Magistrate Judge Christine A. Nowak hear the guilty plea and make findings as to whether the plea was knowingly and voluntarily entered, and recommend to the District Court whether the plea should be accepted. I understand that my guilty plea is subject to approval and final acceptance by a United States District Judge and that sentencing will be conducted by a United States District Judge.

In addition, I understand that I have the right to give my plea before the sentencing judge or the magistrate judge and have elected to so proceed before the magistrate judge.

I know that my testimony must be truthful and is under the penalty of perjury.

I understand my trial rights, including the right to maintain my plea of not guilty, the right to remain silent, the right to call witnesses, the right to present evidence in my behalf, the right to have a jury trial, the right to counsel or Court-appointed counsel if I cannot afford a lawyer

who would represent me at trial, the right to cross-examine witnesses who testify against me, and the right not to be forced to testify if I choose not to testify.

I understand by pleading guilty that I am giving up these rights, except the right of counsel. By pleading guilty, I am also giving up certain rights guaranteed to citizens of the United States of America. I may also have to forfeit any federal benefits I am now receiving.  I understand that, if I am not a citizen of the United States of America, giving this plea of guilty may affect my immigration status and may lead to deportation.

By pleading guilty, I am giving up the right to challenge any search or seizure which may have involved my person or my property.

I am also aware that the Court will consult the Sentencing Guidelines in assessing my sentence.  However, I am also aware that the Court is not bound by these guidelines and that my sentence may be greater or less than the recommended guideline range.

I am also aware that even though I may have received an estimate as to my possible range of punishment, it is only an *estimate*.  There may be other factors, such as prior criminal history, my role or participation in the crime, the quantity of contraband attributed to me, or the use of weapons that could increase my sentence.

I am also aware that the Court is not bound by any agreements between the government and me.

I am making this plea of my own free will.  I have not been forced to plead guilty, nor have any promises been made to me other than what may be in my plea agreement if I have so entered into a plea agreement with the government.

I am entering this plea of guilty because I am guilty, and I fully understand the charges against me, including the statutory minimum and maximum penalties, as well as terms related to

supervised release, special assessment(s) and restitution.

I also understand that if the government is moving for any forfeiture, I have been fully informed of the nature of the property to which I am surrendering my right, title, and interest.

I understand my appeal rights and that such rights may be limited by any plea agreement, which might be limited by a waiver provision, which I fully understand.   I also understand that under no circumstances may I appeal my sentence or attempt to withdraw my plea of guilty if my sentence or recommended sentence is greater than what I originally believed or was informed by my counsel.

I understand that only the United States District Judge will determine my sentence.

If I have entered into a plea agreement, I fully understand the agreement and have no reservation or questions surrounding the agreement. I represent that I am not under the influence of any substances or medication that might cloud my judgment and that I am fully competent to enter a plea before the Court.   I understand that before I plead, if I have any questions concerning these proceedings, I can freely consult with my lawyer.

I represent that I am satisfied with the representation provided me.

I have also signed a Factual Statement and represent that such is true and correct.  I have reviewed it and there are no material errors in what I have represented to the Court.

I make these statements above and attest herein under the penalty of perjury.

Date: May 31, 2019

X _____

**MICHAEL ALLEN WATSON**, Defendant
Printed Name: _Michael Watson_

_____

Denise Benson, Defendant's Attorney
Printed Name: _Denise Benson_

Assistant United States Attorney
Printed Name: _Kevin McArdon_

_____
CHRISTINE A. NOWAK
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 4:19CR15 |
| v. | § | Judge Crone |
| | § | |
| MICHAEL ALLEN WATSON | § | |

## PLEA AGREEMENT

The defendant, **Michael Allen Watson**, the defendant's attorney Denise S.

Benson, and the United States Attorney for the Eastern District of Texas agree to the

following, pursuant to **Fed. R. Crim. P. 11(c)(1)(C)**:

1. **RIGHTS OF THE DEFENDANT**: The defendant understands that accused

individuals have the following rights, among others:

      a.    to plead not guilty;

      b.    to have a trial by jury;

      c.    to have guilt proved beyond a reasonable doubt;

      d.    to confront and cross-examine witnesses and to call witnesses in
            defense; and

      e.    to not be compelled to testify against oneself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these

rights and agrees to enter a plea of guilty to Count One of the Indictment, which charges

a violation of 18 U.S.C. § 471, Counterfeiting Obligations of the United States. The

defendant understands the nature and elements of the crime to which guilt is admitted and

agrees that the factual statement the defendant has signed is true and will be submitted as evidence.

3. **SENTENCE**: The maximum penalties the Court can impose include:

    a.    imprisonment for a period not to exceed twenty years;

    b.    a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

    d.    a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

    e.    forfeiture of property involved or traceable to the criminal offense;

    f.    restitution to victims or to the community; and

    g.    costs of incarceration and supervision.

4. **AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C)**: The parties agree that the following stipulations yield the appropriate sentence in this case:

    a.    The defendant will be sentenced to a term of imprisonment for 41 months;

    b.    The defendant will pay the mandatory special assessment of $100.00 at or prior to the sentencing hearing;

    c.    The defendant will receive a term of 3 years of supervised release; and

    d.    The defendant agrees to forfeit the items detailed in paragraph 7.

The parties understand that the Court may decline to accept this agreement. If the Court does not accept the agreement, the defendant will be given the opportunity to withdraw from the plea.

5. **ACCEPTANCE OF RESPONSIBILITY:** The defendant understands that by accepting responsibility and giving truthful and complete information concerning his participation in the offense of conviction he may be entitled to a reduction in his offense level under § 3E1.1 of the Sentencing Guidelines. The defendant shall not violate any other state or federal law or take any action that would obstruct the government's investigation into the offense of conviction or other criminal activities. Upon request, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding his ability to satisfy any fines or restitution to be imposed.

6. **RESTITUTION:** The defendant understands that restitution may be ordered by the Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

7.       **FORFEITURE**:  The defendant agrees to forfeit to the United States

voluntarily and immediately all of the defendant's right, title, and interest to the

following property which is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B), 18

U.S.C. § 492, and 28 U.S.C. § 2461:

a.   Thirty-seven (37) counterfeited United States $100 Federal Reserve Notes bearing the serial numbers MB25129532H, LK17700122F, and JL13563045B;

b.   Seventy-six (76) counterfeit United States $50 Federal Reserve Notes bearing the serial numbers JK13563045B, MB25129532H, and LK17700122F;

c.   Twenty (20) counterfeited United States $20 Federal Reserve Notes bearing the serial numbers MF41581806C, MF74919192B, MK800118249D;

d.   Dell OptiPlex 745 computer CPU - 1ZCL3D1;

f.   Epson WF-3640 Printer - Model #C481E, S/N SEYYB81787;

g.   Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713444/9;

h.   Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713564/4;

i.   iPhone: Model X / S/N: F18VTBRCJL9; and

j.   iPad: S/N GCGVDB8Z5HLJK.

The defendant agrees that the above described property is subject to forfeiture to

the government pursuant to the aforementioned statute.  The defendant agrees to fully

assist the government in the forfeiture of the listed property and to take whatever steps

are necessary to pass clear title to the United States, including but not limited to surrender

**Plea Agreement – Page 4**

of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, and take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The defendant agrees not to file a claim to the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above described property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding. The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any claim or defense under the Eighth Amendment to the Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture. The defendant waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant and defendant's attorney also understand that the government may file motions for preliminary and final orders of forfeiture regarding the property described herein. The defendant and defendant's attorney agree that the government may file these motions unopposed and may state in the certificates of conference for these

motions that the defendant has no objection to the relief sought without having to further contact the defendant or defendant's attorney.

8. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

9. **VIOLATION OF AGREEMENT**: The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

10. **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

11. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the failure of the Court, after accepting this agreement, to impose a

Plea Agreement – Page 6

sentence in accordance with the terms of this agreement.  The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

12. **WAIVER OF RIGHT TO RECORDS**:  The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

13. **REPRESENTATION OF COUNSEL**:  The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation.  The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea.  After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

14. **LIMITATIONS ON THIS AGREEMENT**:  This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority.  Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

15. **ENTIRETY OF AGREEMENT**:  This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49.  References in this document to

**Plea Agreement – Page 7**

"agreement" or "Plea Agreement" refer to both this document and the sealed addendum. The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

Dated: 5/22/19

KEVIN J. MCCLENDON
Assistant United States Attorney

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 5/20/2019

MICHAEL ALLEN WATSON
Defendant

I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 5/20/19

DENISE S. BENSON
Attorney for Defendant

Plea Agreement – Page 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:19CR15 |
| | § | Judge Crone |
| MICHAEL ALLEN WATSON | § | |

## FACTUAL BASIS

IT IS HEREBY STIPULATED, by **Michael Allen Watson** ("Watson"), defendant herein, that the following facts are true and correct, and that he understands and agrees, with the express consent of his counsel, that this factual basis may be used by the Court to determine whether his plea is voluntary and knowing and by the probation officer and Court to determine an appropriate sentence for the offense to which he is pleading guilty:

**a.    Watson made counterfeit United States money**:

1.    On or about May 3, 2018, within the Eastern District of Texas, the defendant, **Watson**, made the following counterfeit Federal Reserve Notes (FRNs):

    a.    Thirty-seven (37) counterfeit United States $100 Federal Reserve Notes bearing the serial numbers MB25129532H, LK17700122F, and JL13563045B;

    b.    Seventy-six (76) counterfeit United States $50 Federal Reserve Notes bearing the serial numbers JK13563045B, MB25129532H, and LK17700122F; and

    c.    Twenty (20) counterfeit United States $20 Federal Reserve Notes bearing the serial numbers MF41581806C, MF74919192B, MK800118249D.

b.     **Watson made the counterfeit United States money with the intent to defraud**:

2.     Prior to May 3, 2018, **Watson** used his computer and color printer to manufacture counterfeit FRNs. **Watson** thereafter provided and supplied some of these FRNs to other individuals who possessed and passed the FRNs at various businesses to purchase goods, merchandise and services.

c.     **Watson's signature and acknowledgment**:

I have read this factual basis and have discussed it with my attorney. I fully understand the contents of this factual basis and agree without reservation that it accurately describes the events and my acts.

Dated:     5/20/19

MICHAEL ALLEN WATSON
Defendant

d.     **Defendant's counsel's signature and acknowledgment**:

I have read this factual basis and have reviewed it with my client, **Michael Watson Watson**. Based upon my discussions with **Michael Allen Watson**, I am satisfied that he understands the factual basis.

Dated:     5/20/19

DENISE S. BENSON
Attorney for the Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NUMBER 4:19-CR-00015 |
| | § | |
| MICHAEL ALLEN WATSON | § | |
| | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of the guilty plea under Rule 11. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). United States v. Bolivar-Munoz, 313 F.3d 253, 255 (5th Cir. 2002).

On June 3, 2019, this case came before the undersigned United States Magistrate Judge for entry of a guilty plea by Defendant, Michael Allen Watson, to Count One of the Indictment. Count One of the Indictment alleges that on or about May 3, 2018, in the Eastern District of Texas, Defendant Michael Allen Watson, with the intent to defraud, did counterfeit an obligation of the United States that is a falsely-made, forged, and counterfeited United States $100 Federal Reserve Note bearing the serial number: MB25129532H, all in violation of Title 18 U.S.C. § 471 - Counterfeiting Obligations of the United States and Title 18 U.S.C. § 2.[1]

---

[1] Charge as listed in the Indictment.  Plea Agreement lists charge as Title 18 U.S.C. § 471 – Counterfeiting Obligations of the United States.

Defendant entered a plea of guilty to Count One of the Indictment into the record at the hearing. After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the undersigned finds:

a.      Defendant, after consultation with his attorney, has knowingly, freely, and voluntarily consented to the administration of the guilty plea in this case by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court;

b.      Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal. Defendant verified that he understood the terms of the plea agreement, and acknowledged that it was his signature on the plea agreement. To the extent the plea agreement contains recommendations and requests pursuant to FED. R. CRIM. P. 11 (c)(1)(B), the Court advises Defendant that he has no right to withdraw the plea if the Court does not follow the particular recommendations or requests. To the extent that any or all of the terms of the plea agreement are pursuant to Rule 11(c)(1)(A) or (C), the undersigned advises Defendant that he will have the opportunity to withdraw his plea of guilty should the Court not follow those particular terms of the plea agreement;[2]

---

[2] (3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and

      c.      Defendant is fully competent and capable of entering an informed plea, Defendant is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is made freely, knowingly, and voluntarily. Upon addressing Defendant personally in open court, the undersigned determines that Defendant's plea is knowing and voluntary and did not result from force, threats, or promises (other than the promises set forth in the plea agreement).  See FED. R. CRIM. P. 11(b)(2); and

      d.      Defendant's knowing and voluntary plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under Title 18 U.S.C. § 471 - Counterfeiting Obligations of the United States.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented a factual basis. See Factual Basis. In support, the Government would prove that Defendant is one and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense as alleged in Count One of the Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits.  In support of Defendant's plea, the undersigned incorporates the proffer of evidence described in detail in the factual basis and stipulation, filed in support of the plea agreement.

Defendant, Michael Allen Watson, agreed with and stipulated to the evidence presented in the factual basis. Counsel for Defendant attested to Defendant's competency and capability to enter

---

(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.  FED. R. CRIM. P. 11(c)(3)-(5).

an informed plea of guilty. Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely, and voluntarily.

## **RECOMMENDED DISPOSITION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in Count One of the Indictment. It is also recommended that the District Court defer acceptance of the plea agreement until after review of the presentence report. Accordingly, it is further recommended that Michael Allen Watson be finally adjudged guilty of the charged offense in violation of Title 18 U.S.C. § 471 - Counterfeiting Obligations of the United States.

If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. Defendant has the right to allocute before the District Court before imposition of sentence.

Both Parties waived the fourteen (14) day objection period.

**SIGNED this 3rd day of June, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:19CR15 |
| | § | Judge Crone |
| MICHAEL ALLEN WATSON | § | |

## **MOTION FOR A PRELIMINARY ORDER OF FORFEITURE**

The United States respectfully requests that the Court issue a preliminary order of forfeiture in this case. In support of its motion, the government states as follows:

1.     On January 9, 2019, the United States of America obtained an Indictment against defendant **Michael Allen Watson.**

2.     The Indictment included a Notice of Intention to Seek Criminal Forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 492, and 28 U.S.C. § 2461 that provided notice that the government intended to seek forfeiture of the defendant's interest in the following:

> a.   Thirty-seven (37) counterfeited United States $100 Federal Reserve Notes bearing the serial numbers MB25129532H, LK17700122F, and JL13563045B;
>
> b.   Seventy-six (76) counterfeit United States $50 Federal Reserve Notes bearing the serial numbers JK13563045B, MB25129532H, and LK17700122F;
>
> c.   Twenty (20) counterfeited United States $20 Federal Reserve Notes bearing the serial numbers MF41581806C, MF74919192B, MK800118249D;
>
> d.   Dell OptiPlex 745 computer CPU - 1ZCL3D1;
>
> e.   Epson WF-3640 Printer - Model #C481E, S/N SEYYB81787;

**Motion for a Preliminary Order of Forfeiture – Page 1**

      f.      Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713444/9;

      g.      Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713564/4;

      h.      iPhone: Model X / S/N: F18VTBRCJL9; and

      i.      iPad: S/N GCGVDB8Z5HLJK.

3.      Michael Allen Watson entered a plea of guilty to Count One of the Indictment.

4.      The government requests the Court forfeit the defendant's right, title, and interest in the above-described property pursuant to the plea agreement negotiated between the parties.

5.      Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in any of the above-described property to be forfeited, and will publish notice at www.forfeiture.gov of the Court's Order and the United States' intent to dispose of the property to be forfeited in such manner as the Attorney General may direct.

## Conclusion

The government respectfully requests that the Court issue the proposed Preliminary Order of Forfeiture and forfeit to the government Defendant's interest in the aforementioned property.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

/s/ Kevin McClendon
KEVIN MCCLENDON
Assistant United States Attorney
Texas Bar No. 13408620
101 E. Park Blvd., Ste. 500
Plano, TX 75074
Tel: (972) 509-1201
Email: kevin.mcclendon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via electronic filing to

defense counsel on June 3, 2019.

/s/ Kevin McClendon
KEVIN MCCLENDON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA     §
                                   §
v.                                  §        No. 4:19CR15
                                     §        Judge Crone
MICHAEL ALLEN WATSON    §

## PRELIMINARY ORDER OF FORFEITURE

Defendant entered a guilty plea to the Indictment filed on January 9, 2019.

Pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 492, and 28 U.S.C. § 2461, the

government requests that Defendant's right, title, and interest to the following property be

forfeited to the United States:

    a. Thirty-seven (37) counterfeited United States $100 Federal Reserve
        Notes bearing the serial numbers MB25129532H, LK17700122F, and
        JL13563045B;

    b. Seventy-six (76) counterfeit United States $50 Federal Reserve Notes
        bearing the serial numbers JK13563045B, MB25129532H, and
        LK17700122F;

    c. Twenty (20) counterfeited United States $20 Federal Reserve Notes
        bearing the serial numbers MF41581806C, MF74919192B,
        MK800118249D;

    d. Dell OptiPlex 745 computer CPU - 1ZCL3D1;

    e. Epson WF-3640 Printer - Model #C481E, S/N SEYYB81787;

    f. Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713444/9;

    g. Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713564/4;

    h. iPhone: Model X / S/N: F18VTBRCJL9; and

    i. iPad: S/N GCGVDB8Z5HLJK.

By virtue of the plea and admission, the United States is now entitled to possession of the above-referenced property pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32(b)(2).

Accordingly, the Court orders that:

1.      Based upon Defendant's change of plea hearing and the findings entered by the Court, the United States is hereby authorized to seize the aforementioned property. The property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of Rule G(4)(a)(i) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

2.      The forfeited property is to be held by the custodial agency and its agents and vendors in their custody and control.

3.      Pursuant to 21 U.S.C. § 853(n)(1), Supplemental Rule G(4)(a)(vi)(C), and the Attorney General's authority to determine the manner of publication of an order of forfeiture in a criminal case, the United States shall publish for at least thirty (30) consecutive days at www.forfeiture.gov notice of this Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than Defendant,[1] having or claiming a legal interest in the above-described forfeited property must file a petition

---

[1] 21 U.S.C. § 853(n)(2) provides that:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

with the court no later than sixty (60) days after the first day of publication on an official

Internet government forfeiture site, or within thirty (30) days of receipt of direct notice,

whichever is earlier.

        a.    The notice shall: (1) state that the petition shall be for a hearing to

adjudicate the validity of the petitioner's alleged interest in the property; (2) be signed by

the petitioner under penalty of perjury, and (3) set forth the nature and extent of the

petitioner's right, title, or interest in the forfeited property, the time and circumstances of

the petitioner's acquisition of the right, title, or interest in the property, any additional

facts supporting the petitioner's claim, and the relief sought.

        b.    The United States may also, to the extent practicable, provide direct

written notice to any person known to have alleged an interest in the property that is the

subject of the order of forfeiture as a substitute for published notice as to those persons so

notified.

---

**UNITED STATES DISTRICT COURT**  **EASTERN DISTRICT OF TEXAS**

---

| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 4:19-CR-00015 |
| | § | |
| MICHAEL ALLEN WATSON | § | |

### ORDER ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT

The court referred this matter to the United States Magistrate Judge Christine A. Nowak for the administration of a guilty plea under Rule 11 of the Federal Rules of Criminal Procedure. Judge Nowak conducted a hearing in the form and manner prescribed by Federal Rule of Criminal Procedure 11 and issued her Findings of Fact and Recommendation on the Defendant's guilty plea. The magistrate judge recommended that the court accept Defendant's guilty plea. She further recommended that the court finally adjudge Defendant guilty on Count One of the Indictment.

The parties have not objected to the magistrate judge's findings. The court **ORDERS** that the Findings of Fact and Recommendation on Guilty Plea of United States Magistrate Judge Christine A. Nowak are **ADOPTED**. The court accepts the Defendant's plea but defers acceptance of the plea agreement and plea agreement addendum until after review of the presentence report. It is further **ORDERED** that in accordance with the Defendant's guilty

plea and the magistrate judge's findings and recommendation, the Defendant, Michael Allen Watson, is adjudged guilty of the charged offense under Title 18 U.S.C. § 471 - Counterfeiting Obligations of the United States.

**Signed  this date**

**Jun 4, 2019**

_Marcia A. Crone_
_____

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:19CR15 |
| | § | |
| MICHAEL ALLEN WATSON | § | |

## PRELIMINARY ORDER OF FORFEITURE

Defendant entered a guilty plea to the Indictment filed on January 9, 2019.

Pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 492, and 28 U.S.C. § 2461, the

government requests that Defendant's right, title, and interest to the following property be

forfeited to the United States:

    a.  Thirty-seven (37) counterfeited United States $100 Federal Reserve Notes bearing the serial numbers MB25129532H, LK17700122F, and JL13563045B;

    b.  Seventy-six (76) counterfeit United States $50 Federal Reserve Notes bearing the serial numbers JK13563045B, MB25129532H, and LK17700122F;

    c.  Twenty (20) counterfeited United States $20 Federal Reserve Notes bearing the serial numbers MF41581806C, MF74919192B, MK800118249D;

    d.  Dell OptiPlex 745 computer CPU - 1ZCL3D1;

    e.  Epson WF-3640 Printer - Model #C481E, S/N SEYYB81787;

    f.  Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713444/9;

    g.  Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713564/4;

    h.  iPhone: Model X / S/N: F18VTBRCJL9; and

    i.  iPad: S/N GCGVDB8Z5HLJK.

By virtue of the plea and admission, the United States is now entitled to possession of the above-referenced property pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32(b)(2).

Accordingly, the Court orders that:

1.     Based upon Defendant's change of plea hearing and the findings entered by the Court, the United States is hereby authorized to seize the aforementioned property. The property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of Rule G(4)(a)(i) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

2.     The forfeited property is to be held by the custodial agency and its agents and vendors in their custody and control.

3.     Pursuant to 21 U.S.C. § 853(n)(1), Supplemental Rule G(4)(a)(vi)(C), and the Attorney General's authority to determine the manner of publication of an order of forfeiture in a criminal case, the United States shall publish for at least thirty (30) consecutive days at www.forfeiture.gov notice of this Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than Defendant,[1] having or claiming a legal interest in the above-described forfeited property must file a petition

---

[1] 21 U.S.C. § 853(n)(2) provides that:

Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

with the court no later than sixty (60) days after the first day of publication on an official

Internet government forfeiture site, or within thirty (30) days of receipt of direct notice,

whichever is earlier.

        a.    The notice shall: (1) state that the petition shall be for a hearing to

adjudicate the validity of the petitioner's alleged interest in the property; (2) be signed by

the petitioner under penalty of perjury, and (3) set forth the nature and extent of the

petitioner's right, title, or interest in the forfeited property, the time and circumstances of

the petitioner's acquisition of the right, title, or interest in the property, any additional

facts supporting the petitioner's claim, and the relief sought.

        b.    The United States may also, to the extent practicable, provide direct

written notice to any person known to have alleged an interest in the property that is the

subject of the order of forfeiture as a substitute for published notice as to those persons so

notified.

        **SIGNED this 5th day of June, 2019.**

_____

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **DATE:** 10/3/2019 | | **CASE NUMBER:** 4:19cr15(1) |
| **LOCATION:** Plano, TX | USA | |
| **JUDGE:** Sean D. Jordan | | Kevin McClendon  Assigned |
| **DEP.CLERK:** Bonnie Sanford | **V.** | Kevin McClendon  Appeared |
| **REPORTER:** Lori Barnett | | |
| **USPO:** Linda Wright-Bailey | **MICHAEL ALLEN WATSON** | |
| **INTERP:** Not Required | Defendant | |

**Denise Benson**
Defense Attorney

**Begin**: 10:30 am     **Adjourn**: 10:42 am

| | SENTENCING | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CT | CUSTODY | FINE | REST | JVTA | SUP/REL | CC/CS | W/CT | SP/ASSESS |
| 1 | 41 months | | | | 3 years | | | $100.00 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

The court adopts the facts as set forth in the presentence report.

The court recommends drug treatment while incarcerated.
The court recommends FCI Ashland, KY.

Defendant remanded to the U.S. Marshal.

X . . . Defendant advised of right to appeal plea and/or sentence and apply for court appointed counsel.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:19CR15 |
| | § | Judge Jordan |
| MICHAEL ALLEN WATSON | § | |

## **DECLARATION OF PUBLICATION**

Pursuant to the Court's Preliminary Order of Forfeiture entered on June 5, 2019,

Notice of Criminal Forfeiture was posted on an official government internet site

(www.forfeiture.gov) for at least thirty (30) consecutive days, beginning on June 6, 2019,

and ending on July 5, 2019, pursuant to 21 U.S.C. § 853(n)(1) and the Attorney General's

authority to determine the manner of publication of an Order of forfeiture in a criminal

case.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

/s/ Kevin McClendon
KEVIN MCCLENDON
Assistant United States Attorney
Texas Bar No. 13408620
101 E. Park Blvd., Ste. 500
Plano, TX 75074
Tel: (972) 509-1201
Email: kevin.mcclendon@usdoj.gov

**Declaration of Publication – Page 1**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served by electronic filing to opposing

counsel on October 3, 2019.

/s/_____
KEVIN MCCLENDON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:19CR15 |
| | § | Judge Jordan |
| MICHAEL ALLEN WATSON | § | |

## MOTION FOR FINAL ORDER OF FORFEITURE

The government respectfully requests a Final Order of Forfeiture in this case. In support thereof, the government states as follows:

1.  This Court entered a Preliminary Order of Forfeiture on June 5, 2019, forfeiting to the United States the defendant's interest in the following pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 492, and 28 U.S.C. § 2461:

   a.  Thirty-seven (37) counterfeited United States $100 Federal Reserve Notes bearing the serial numbers MB25129532H, LK17700122F, and JL13563045B;

   b.  Seventy-six (76) counterfeit United States $50 Federal Reserve Notes bearing the serial numbers JK13563045B, MB25129532H, and LK17700122F;

   c.  Twenty (20) counterfeited United States $20 Federal Reserve Notes bearing the serial numbers MF41581806C, MF74919192B, MK800118249D;

   d.  Dell OptiPlex 745 computer CPU - 1ZCL3D1;

   e.  Epson WF-3640 Printer - Model #C481E, S/N SEYYB81787;

   f.  Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713444/9;

   g.  Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713564/4;

      h.    iPhone: Model X / S/N: F18VTBRCJL9; and

      i.    iPad: S/N GCGVDB8Z5HLJK.

2.    The government published notification of the Court's Preliminary Order of Forfeiture at www.forfeiture.gov for thirty consecutive days, advising all third parties of their right to petition the court within thirty days of the publication date for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property.

3.    No parties have filed any claims with respect to this property.

The government respectfully requests a Final Order of Forfeiture declaring the above forfeited as to the defendant and vesting right, title and interest in the property to the United States, and directing the custodial agency to dispose of the property according to law.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

/s/ Kevin McClendon
KEVIN MCCLENDON
Assistant United States Attorney
Texas Bar No. 13408620
101 E. Park Blvd., Ste. 500
Plano, TX  75074
Tel: (972) 509-1201
Email: kevin.mcclendon@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served by electronic filing to opposing

counsel on October 3, 2019.

/s/_____
KEVIN MCCLENDON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:19CR15 |
| | § | Judge Jordan |
| MICHAEL ALLEN WATSON | § | |

## FINAL ORDER OF FORFEITURE

This Court entered a Preliminary Order of Forfeiture in the above-captioned

matter on June 5, 2019, pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 492, and 28

U.S.C. § 2461.

The government published, at www.forfeiture.gov for thirty consecutive days,

notice of this forfeiture and of the intent of the government to dispose of the forfeited

property in accordance with the law and further notifying all third parties of their right to

petition the Court within thirty days for a hearing to adjudicate the validity of their

alleged legal interest in the forfeited property.

It is HEREBY ORDERED, ADJUDGED and DECREED:

1.      That the right, title and interest to all of the hereinafter described property,

is hereby condemned, forfeited and vested in the United States of America, and shall be

disposed of according to law.

2.      That the following property belonging to the defendant who is the subject

of this Order, is hereby condemned and forfeited to the government in accordance with

18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 492, and 28 U.S.C. § 2461:

      a.      Thirty-seven (37) counterfeited United States $100 Federal Reserve Notes bearing the serial numbers MB25129532H, LK17700122F, and JL13563045B;

      b.      Seventy-six (76) counterfeit United States $50 Federal Reserve Notes bearing the serial numbers JK13563045B, MB25129532H, and LK17700122F;

      c.      Twenty (20) counterfeited United States $20 Federal Reserve Notes bearing the serial numbers MF41581806C, MF74919192B, MK800118249D;

      d.      Dell OptiPlex 745 computer CPU - 1ZCL3D1;

      e.      Epson WF-3640 Printer - Model #C481E, S/N SEYYB81787;

      f.      Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713444/9;

      g.      Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713564/4;

      h.      iPhone: Model X / S/N: F18VTBRCJL9; and

      i.      iPad: S/N GCGVDB8Z5HLJK.

3.      No claims have been filed by any party with respect to the forfeiture.

4.      That the forfeited property shall be disposed of by the United States and/or the custodial agency in such manner as the United States Attorney General may direct.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:19CR15 |
| | § | Judge Jordan |
| MICHAEL ALLEN WATSON | § | |

## FINAL ORDER OF FORFEITURE

This Court entered a Preliminary Order of Forfeiture in the above-captioned

matter on June 5, 2019, pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 492, and 28

U.S.C. § 2461.

The government published, at www.forfeiture.gov for thirty consecutive days,

notice of this forfeiture and of the intent of the government to dispose of the forfeited

property in accordance with the law and further notifying all third parties of their right to

petition the Court within thirty days for a hearing to adjudicate the validity of their

alleged legal interest in the forfeited property.

It is HEREBY ORDERED, ADJUDGED and DECREED:

1.      That the right, title and interest to all of the hereinafter described property,

is hereby condemned, forfeited and vested in the United States of America, and shall be

disposed of according to law.

2.      That the following property belonging to the defendant who is the subject

of this Order, is hereby condemned and forfeited to the government in accordance with

18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 492, and 28 U.S.C. § 2461:

Final Order of Forfeiture – Page 1

a.  Thirty-seven (37) counterfeited United States $100 Federal Reserve Notes bearing the serial numbers MB25129532H, LK17700122F, and JL13563045B;

b.  Seventy-six (76) counterfeit United States $50 Federal Reserve Notes bearing the serial numbers JK13563045B, MB25129532H, and LK17700122F;

c.  Twenty (20) counterfeited United States $20 Federal Reserve Notes bearing the serial numbers MF41581806C, MF74919192B, MK800118249D;

d.  Dell OptiPlex 745 computer CPU - 1ZCL3D1;

e.  Epson WF-3640 Printer - Model #C481E, S/N SEYYB81787;

f.  Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713444/9;

g.  Samsung cell phone: Model SM-J327T1 / IMEI: 354256/09/713564/4;

h.  iPhone: Model X / S/N: F18VTBRCJL9; and

i.  iPad: S/N GCGVDB8Z5HLJK.

3.  No claims have been filed by any party with respect to the forfeiture.

4.  That the forfeited property shall be disposed of by the United States and/or the custodial agency in such manner as the United States Attorney General may direct.

**So ORDERED and SIGNED this 4th day of October, 2019.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | § | |
| v. | § | |
| | § | Case Number: **4:19-CR-00015-SDJ-KPJ(1)** |
| **MICHAEL ALLEN WATSON** | § | USM Number: **37448-177** |
| | § | **Denise Solis Benson** |
| | § | Defendant's Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | **Count 1 of the Indictment** |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18 U.S.C. § 471 Counterfeiting Obligations Of The United States | 05/03/2018 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 3, 2019**
Date of Imposition of Judgment

Signature of Judge

**SEAN D. JORDAN**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

October 7, 2019
Date

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case                                    Judgment -- Page 2 of 7

DEFENDANT:          MICHAEL ALLEN WATSON
CASE NUMBER:        4:19-CR-00015-SDJ-KPJ(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

41 months.

This sentence shall run consecutively to any sentence which may be imposed in Docket No. 401- 84531-2018 in the 401st Judicial District Court of Collin County, McKinney, Texas.

☒    The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant receive appropriate drug treatment while imprisoned.
The Court recommends that defendant be designated to FCI Ashland, KY, if eligible.


☒    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant shall surrender to the United States Marshal for this district:

     ☐    at                          ☐    a.m.    ☐    p.m.    on

     ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐    before 2 p.m. on
     ☐    as notified by the United States Marshal.
     ☐    as notified by the Probation or Pretrial Services Office.


# RETURN

I have executed this judgment as follows:


        Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.



                                                    UNITED STATES MARSHAL

                                                           By
                                                    DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case

Judgment -- Page 3 of 7

DEFENDANT:      MICHAEL ALLEN WATSON
CASE NUMBER:    4:19-CR-00015-SDJ-KPJ(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **three (3) years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

     You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case                                                    Judgment -- Page 4 of 7

DEFENDANT:          MICHAEL ALLEN WATSON
CASE NUMBER:        4:19-CR-00015-SDJ-KPJ(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.txnp.uscourts.gov.

Defendant's Signature _____          Date _____

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case                                                    Judgment -- Page 5 of 7

DEFENDANT:              MICHAEL ALLEN WATSON
CASE NUMBER:            4:19-CR-00015-SDJ-KPJ(1)

# SPECIAL CONDITIONS OF SUPERVISION

You must provide the probation officer with access to any requested financial information for purposes of monitoring your efforts to obtain and maintain lawful employment.

You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case                                                            Judgment -- Page 6 of 7

DEFENDANT:          MICHAEL ALLEN WATSON
CASE NUMBER:        4:19-CR-00015-SDJ-KPJ(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|            | Assessment | JVTA Assessment* | Fine  | Restitution |
|------------|-----------:|:-----------------|------:|------------:|
| **TOTALS** | $100.00    |                  | $.00  | $.00        |

☐ The determination of restitution is deferred until          An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case

Judgment -- Page 7 of 7

DEFENDANT:      MICHAEL ALLEN WATSON
CASE NUMBER:    4:19-CR-00015-SDJ-KPJ(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☒   Lump sum payments of $ 100.00 due immediately, balance due

      ☐   not later than                        , or

      ☒   in accordance    ☐   C,    ☐   D,    ☐   E, or    ☒   F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐   C,    ☐   D, or    ☐   F below); or

**C**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐   Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☒   Special instructions regarding the payment of criminal monetary penalties:
       **It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several
     See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

     ☐   Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.